FILED
U.S. DISTRICT COURT
DIV.

2011 AUG 30 PM 3: 42

CLERK _____
SO. DIST. OF GA.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## WAYCROSS DIVISION

ROBERTO BAEZ,                              :
                                          :
            Plaintiff,                    :
                                          :
      v.                                  :        CIVIL ACTION NO.: CV511-061
                                          :
DEBORAH MOORE; PEGGY COOPER;              :
Nurse MONROE; Nurse WRIGHT;               :
Dr. NURALLAH ESMAIL; BRIAN                :
OWENS, Commissioner; and                  :
BARRY GOODRICH,                           :
                                          :
            Defendants.                   :

### ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate presently incarcerated at Washington State Prison in Davisboro, Georgia, has filed an action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement while he was housed at Coffee Correctional Facility in Nicholls, Georgia. Plaintiff filed a motion to proceed *in forma pauperis* in this action.

A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915. 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

AO 72A
(Rev. 8/82)

28 U.S.C. § 1915(g). This provision of the PLRA "requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998).

A review of Plaintiff's history of filings reveals that he has brought at least three civil actions or appeals which were dismissed and count as strikes under § 1915(g): (1) Baez v. Gearinger, CV500-23 (M.D. Ga. Mar. 21, 2000) (frivolous); Baez v. Doe, CV599-353 (M.D. Ga. Nov. 4, 1999) (frivolous); and Baez v. Arbuckle, No. 07-10617-J (11th Cir. June 19, 2007) (frivolous).

The Eleventh Circuit upheld the constitutionality of section 1915(g) in Rivera. In so doing, the Court concluded that section 1915(g) does not violate an inmate's rights to access to the courts, to due process of law, or to equal protection, or the doctrine of separation of powers. Rivera, 144 F.3d at 721-27. Because Plaintiff has filed three previously dismissed cases or appeals which qualify as strikes under section 1915(g), Plaintiff may not proceed in forma pauperis in this action unless he can demonstrate that he meets the "imminent danger of serious physical injury" exception to § 1915(g).

Plaintiff cannot claim that he should be excused from prepaying the filing fee because of the "imminent danger of serious physical injury" exception to § 1915(g). In order to come within the imminent danger exception, the inmate must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). As noted by the Court, "a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception to the statute." Id.

AO 72A
(Rev. 8/82)

In his Complaint, Plaintiff makes allegations against individuals who are or were employed at Coffee Correctional Facility. However, by Plaintiff's own admission, he was transferred to Washington State Prison on March 10, 2011. (Doc. No. 1, p. 8). Plaintiff details events which allegedly occurred from January 2009 until December 2010.

At the time he filed his Complaint, Plaintiff had brought at least three cases or appeals which constitute strikes under § 1915(g). Plaintiff has not shown how he was in imminent danger of serious physical injury based on any actions or inaction by the named Defendants at the time he filed his Complaint on June 10, 2011. Plaintiff should not be considered to meet the exception to the three strikes rule. The Court's July 29, 2011, Order permitting Plaintiff to proceed *in forma pauperis* is **vacated**. Plaintiff's request to proceed *in forma pauperis* is **DENIED**, and this case should be **DISMISSED**. If Plaintiff wishes to proceed with this action, he should be required to resubmit his complaint along with the full filing fee.

**SO ORDERED** and **REPORTED** and **RECOMMENDED**, this _30th_ day of August, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)